(No. 13260.—Reversed and remanded.)

THE HAFER WASHED COAL COMPANY, Plaintiff in Error, vs. THE INDUSTRIAL COMMISSION et al.—(WILEY YATES, Defendant in Error.)

*Opinion filed June 16, 1920.*

1. WORKMEN'S COMPENSATION—*Supreme Court cannot determine preponderance of evidence.* In compensation cases the Supreme Court is not permitted to review the evidence for the purpose of determining where the preponderance lies, but only for the purpose of determining whether there is any evidence in the record to sustain the finding of the Industrial Commission.

2. SAME—*Industrial Commission cannot base its finding on exaggerated testimony.* The Industrial Commission is not justified in finding for one party merely because there is some evidence in the record which, standing undisputed, would justify that finding; nor should it base its finding on mere conjecture or on testimony which all the facts in the record show to be untrue.

3. SAME—*employee should not be permitted to express opinion as to per cent of his loss of vision.* An employee who received an injury to his eyes should not be permitted, over objection, to express an opinion that he has suffered a certain per cent loss of vision.

4. SAME—*what evidence is competent on question of an injury to eyes.* Testimony of the injured employee as to his comparative ability to see or read before and after the accident, that when he looked at an object long it disappeared, that the wind made his eyes water and that light and heat hurt his eyes, is competent to be considered by the Industrial Commission in determining whether the employee suffered an injury to his eyes.

5. SAME—*when Industrial Commission should require employee to submit to examination by eye specialist.* Where an employee claims compensation for an injury to his eyes and the employer within a reasonable time before the case is called for a hearing makes a request for a physical examination of the employee by a specialist to be selected either by the employer or by the Industrial Commission and advances money to cover expenses of the examination, it is error for the commission to proceed with the hearing without requiring the employee to submit to the examination.

WRIT OF ERROR to the Circuit Court of Williamson county; the Hon. D. T. HARTWELL, Judge, presiding.

DENISON & SPILLER, (R. H. DAVIS, of counsel,) for plaintiff in error.

A. W. KERR, and GEORGE R. STONE, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This writ of error is prosecuted by leave of court to review the judgment of the circuit court of Williamson county confirming an award of the Industrial Commission awarding compensation to Wiley Yates, defendant in error, for a period of twelve days' temporary total incapacity and for a period of fifty weeks for the loss of twenty-five per cent of the vision of both eyes, the injuries being sustained while defendant in error was an employee of the Hafer Washed Coal Company, plaintiff in error.

Defendant in error was employed to repair gasoline engines used in the mines of plaintiff in error. About four o'clock on the morning of September 10, 1918, defendant in error went to the oil house of plaintiff in error to draw some gasoline. He hung his miner's lamp on a staple about five feet from the barrel of gasoline, and when he had drawn about a gallon the fumes arising from the gasoline caught fire. Defendant in error ran out of the oil house. His shirt sleeves were burned and he was scorched about the arms and face. He makes some extravagant statements to the effect that his hands, arms and face were so badly burned that all the skin came off and that his eyes were so severely burned that now he has only fifty per cent of his normal vision. The undisputed facts appearing in the record from his testimony and that of other witnesses are that he waited around the mine until after seven o'clock; that he helped put out the fire and then washed up and changed clothes; that he did not go to the doctor until some time later that

morning; that the doctor treated his hands and arms that morning and again four or five days later; that there are now no scars from the burns anywhere on his body; that he has never consulted any physician regarding his eyes; that he has had no examination by an eye specialist; that he returned to work September 26 and has been paid his regular wages and has lost no more time as a result of the injury. The employees who were about the mine on the morning of the accident testified that he made no complaint of injury to his eyes and that they saw nothing wrong with his face or eyes. Dr. B. F. Crain, the physician selected by defendant in error to treat his injuries, testified that defendant in error made no complaint to him regarding injuries to his face and eyes and that he made no examination whatever of his eyes. He further testified that the injuries to his hands and arms were slight scorches of the skin, with the possible exception of a few spots where the burns went through the skin.

Over the objection of plaintiff in error defendant in error was permitted to express the opinion that he had suffered a fifty per cent loss of the vision of both eyes. This court is not permitted to review the evidence for the purpose of determining where the preponderance lies, but we are authorized to consider the evidence to determine whether there is any evidence in the record to sustain the finding of the commission. It is the duty of the commission to hear and weigh the evidence and to make its finding for that party in whose favor the evidence preponderates. It is not justified in finding for one party because there is some evidence in the record which, standing undisputed, would justify that finding, nor should it base its finding on testimony which all the facts and circumstances in the record show to be untrue. Exaggerated statements and groundless assertions that have no foundation in fact are not the character of evidence which the law recognizes as worthy to support any legal finding. It was error to per-

mit defendant in error to express an opinion regarding the per cent of his loss of vision.

Defendant further testified that he could not see as well after the accident as he could before; that he could not read by electric light for any length of time because the print became blurred; that if he looked at an object steadily for a time it disappeared; that the wind made his eyes water and that the light and heat hurt his eyes. This evidence was competent to be considered by the commission in determining that defendant in error had suffered an injury to his eyes, and if in the opinion of the commission there was sufficient evidence to justify an award, this court is not authorized to set aside that award because it would have reached a different conclusion from the evidence. On the other hand, the finding of the commission cannot be based on mere conjecture but must have some substantial foundation in the evidence.

It is further urged that the commission erred in not requiring the defendant in error to submit to an examination by an eye specialist. Section 12 of the Workmen's Compensation act provides that an employee entitled to receive disability payments shall submit himself for examination to a duly qualified medical practitioner selected by the employer, at a time and place reasonably convenient for the employee, as soon as practicable after the injury and at intervals after the first examination, "for the purpose of determining the nature, extent and probable duration of the injury received by the employee, and for the purpose of ascertaining the amount of compensation which may be due the employee from time to time for disability according to the provisions of this act." (Hurd's Stat. 1917, p. 1457.) We think, on principle, the purpose of the examination is a legitimate and proper one. In the first place, the employer is entitled to obtain from a man of skill an opinion as to the workman's condition for the purpose of determining whether or not he will settle the claim without litigation,

and in the second place, if a settlement cannot be reached he is entitled to this information so that he may present it to the arbitrator or Industrial Commission for its consideration in determining the amount of compensation to which the employee is entitled. When the case was called for hearing before the Industrial Commission plaintiff in error requested that this examination be made at its expense by either of two eye specialists suggested by it or by any qualified physician to be selected by the commission. It appears from the statement of attorneys for plaintiff in error to the commission that some two months before the hearing they had requested defendant in error to submit to an examination by Dr. J. M. Keller and had advanced to him money necessary to cover expenses that would be occasioned by his trip to the office of the physician. The request of the employer for a physical examination of the employee should be made at a reasonable time and ordinarily before the case is called for a hearing before the arbitrator or the Industrial Commission. Under the circumstances shown in this record we think it was error for the commission to proceed without requiring defendant in error to submit to an examination by physicians selected by plaintiff in error in accordance with the provisions of section 12 of the act or a physician selected by the commission in accordance with section 19 of the act.

The judgment of the circuit court is reversed and the cause is remanded to the circuit court of Williamson county, with directions to remand the cause to the Industrial Commission for further proceedings in accordance with the views herein expressed.

*Reversed and remanded, with directions.*