(No. 13380.—Reversed and remanded.)

THE JACKSON COAL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(W. B. GRAHAM, Defendant in Error.)

*Opinion filed October 23, 1920—Rehearing denied Dec. 10, 1920.*

1. WORKMEN'S COMPENSATION—*examination by physician may be made at hearing, if convenient for employee.* The only limitation placed on the time for requesting an examination of an injured employee under section 12 of the Compensation act is that it must be a time reasonably convenient for the employee, and where it is not shown to be inconvenient the employee cannot refuse to submit to the examination because the request was not made until the case was called before the Industrial Commission.

2. SAME—*employee must submit to examination, if requested, although employer denies right to compensation.* The employer's right to require an injured employee to submit to an examination by a physician under section 12 of the Compensation act is not restricted to cases where the employer acknowledges the liability and makes payments, but applies to all cases where the employee is entitled to disability payments although the employer denies the right to compensation.

3. SAME—*Industrial Commission should specifically find nature and effect of injury.* As a matter of good practice the Industrial Commission should find specifically the nature and effect of the injury for which an award is made, rather than a finding that the award is of a certain amount for a certain period under a certain provision of the statute.

WRIT OF ERROR to the Circuit Court of Jackson county; the Hon. W. N. BUTLER, Judge, presiding.

MARTIN & GLENN, (LAWRENCE A. GLENN, of counsel,) for plaintiff in error.

A. W. KERR, and FRED H. KRUGER, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

W. B. Graham, an employee of plaintiff in error, the Jackson Coal Company, was injured in its mine on July 7, 1917, by the accidental explosion of powder in a keg. He

filed a claim for compensation and on a hearing before an arbitrator an award was made him, which on review by the Industrial Commission was approved and confirmed. The award was for $10.67 per week for 35 weeks for the period of temporary total incapacity, the further sum of $10.67 per week "for a period of 270 weeks, as provided in paragraph (e) of section 8 of said act as amended, for the reason that the injuries sustained caused ninety per cent of the loss of the use of both hands, and the further sum of $10.67 per week for a period of 45 weeks, as provided in paragraph (c) of section 8, for the reason that the injury sustained caused disfigurement to head and face." The circuit court confirmed the award and this court granted the petition of plaintiff in error for a writ of error to review the award and the judgment of the circuit court.

At the hearing before the Industrial Commission plaintiff in error requested that Graham, the employee, submit to a physical examination by a physician who was present for that purpose at the instance of plaintiff in error. The examination was objected to by counsel for the claimant, the objection was sustained by the Industrial Commission and the examination was not permitted to be made. Plaintiff in error contends that by reason of Graham's refusal to submit to an examination as requested by plaintiff in error his right to compensation was suspended until he consented to such examination, and that the findings of the arbitrator and Industrial Commission are insufficient to support the award. Section 12 of the Workmen's Compensation act provides that an employee entitled to receive disability payments shall be required, if requested by the employer, to submit himself for examination to a duly qualified medical practitioner or surgeon selected and paid by the employer, at a time and place reasonably convenient for the employee, as soon as practicable after the injury, also one week after the first examination and thereafter at intervals not oftener than once every four weeks, for the purpose

of determining the nature, extent and probable duration of. the injury and ascertaining the amount of compensation due the employee from time to time according to the provisions of the act. If the employee refuses to submit to such examination his right to compensation payments shall be suspended until such examination shall have been made.

Defendant in error contends the request of plaintiff in error that the employee submit to an examination was not made in good faith because not made until the case was called for hearing before the Industrial Commission. The only limitation placed on the time for the request for the examination is that it must be a time reasonably convenient for the employee. It is not contended the time requested was not reasonably convenient for the employee, nor does it appear that the request was made for any other purpose than to ascertain the nature, extent and probable duration of the injury. If making the examination at the time of the hearing before the Industrial Commission in any manner placed the employee at a disadvantage, on making that appear to the commission it would be proper and its duty to continue the hearing to a reasonable time to allow the employee to properly present his case. That section of the statute was not intended to afford the employer opportunity to harass or oppress the employee by unnecessary examinations, and reasonable safeguards are provided, so that we think the apprehension of counsel as to what might occur is not well founded.

It is also contended the statute does not require the employee to submit to a physical examination where the employer is denying that the employee is entitled to receive compensation. This construction, we think, is not warranted. The statute requires an employee "entitled to receive disability payments" to submit, at the request of the employer, to a physical examination. It is not restricted to cases where the employer acknowledges his liability and makes compensation payments. It applies to all cases where

the employee is entitled to receive disability payments, and whether he is entitled to them is not dependent on whether the employer acknowledges liability by making the payments. That the provisions of section 12 must be complied with by the employee to entitle him to the benefits of the act was decided in *Hafer Washed Coal Co.* v. *Industrial Com.* 293 Ill. 425.

The Industrial Commission erred in denying the request of plaintiff in error that Graham, the employee, submit to a physical examination.

As a matter of good practice we think it would be better if the Industrial Commission would find specifically the nature and effect of the injury for which an award is made, rather than a finding simply that an award is made of a certain amount for a certain period under a certain provision of the statute. While we are of opinion the objection that the findings in the award are insufficient to support it would not require a reversal of the judgment, the particular paragraphs of the section under which the award was made being referred to in the finding, we would be better satisfied if the findings stated in express terms whether the injury produced partial or total, permanent or temporary, disability or disfigurement. The finding held insufficient to support the award in *Illinois Midland Coal Co.* v. *Industrial Board,* 277 Ill. 333, was entirely different from the finding of the commission in this case.

For the error in not requiring the employee to submit to a physical examination the judgment of the circuit court is reversed, the award set aside and the cause remanded to the circuit court, with directions to remand it to the Industrial Commission for further proceedings in harmony with this opinion. *Reversed and remanded, with directions.*