(No. 14331.—Reversed and remanded.)

THE PARADISE COAL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(OLIVER DINNIS, Defendant in Error.)

*Opinion filed February 22, 1922.*

1. WORKMEN'S COMPENSATION—*when award for partial incapacity is not justified.* Where an employee is physically able to work and is able to earn in a suitable employment the same wages as he received before he was injured an award for partial incapacity is not justified.

2. SAME—*employee may be compelled to submit to examination before right to compensation is determined.* The employer's right to require an injured employee to submit to an examination is not restricted to cases where the employer acknowledges his liability to make compensation payments, and if the employee refuses to submit to such examination at a time and place reasonably convenient his right to compensation is suspended until such examination shall have taken place.

3. SAME—*when objection to jurisdiction for failure to file the stenographic report is waived.* A party who appears before the Industrial Commission and makes no objection to the jurisdiction of his person on the ground that the stenographic report of the hearing before the arbitrator was not filed in the time required by law, waives any right to thereafter raise the question.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding.

R. W. ROPIEQUET, and W. C. ROPIEQUET, for plaintiff in error.

A. W. KERR, and GEORGE R. STONE, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

Oliver Dinnis, an employee of the Paradise Coal Company, while lifting on a car of coal on June 17, 1919, fell astride the rail and the car came back against him, injuring his back and one of his testicles. He went to a physi-

cian, Dr. Daggett, who found him suffering with varicocele and directed him to stay off his feet as much as possible and to lie on his back, with his hips elevated. The doctor recommended an operation for varicocele, and offered to perform this operation at the expense of the Paradise Coal Company, as the latter had authorized him to do. Dinnis did not avail himself of this offer but returned to work on August 15, 1919. He applied to the Industrial Commission on October 2, 1919, for an award of compensation, claiming temporary total and partial disability. At the hearing before the arbitrator it was stipulated that payment had been made in full for temporary total disability up to August 15, from which time any compensation for further disability should be computed, and that the question in dispute was as to the extent of disability, and what, if any, compensation the petitioner was entitled to on account of such disability. On November 25, 1919, an award was made, finding "that petitioner is entitled to have and receive from respondent the sum of $6 per week for a period of 407-4/7 weeks, as provided in paragraph (d) of section 8 of said act as amended, for the reason that the injuries sustained caused partial incapacity for pursuing his usual and customary line of employment, $6 being fifty per cent of the difference between what applicant earned before the injury and what he is able to earn in some suitable employment." A petition for review was filed with the commission, and on the hearing before the commission no additional evidence was introduced except statements showing the earnings of the claimant after August 15, 1919. The Industrial Commission confirmed the award of the arbitrator, and the circuit court of St. Clair county upon review by *certiorari* approved the award of the commission. A writ of error was awarded to bring the record before this court for review.

It was stipulated on the hearing before the arbitrator that the weekly wages of the petitioner for the year preced-

ing his injury were $34.08. His testimony at the hearing on November 25, 1919, was that his wages after he returned to work averaged about $4.50 a day until the last pay-day, which was $27 for a week of six days. Paragraph (*d*) of section 8, under which the award was made, provides that for partial incapacity an injured employee shall receive compensation equal to fifty percentum of the difference between the average amount which he earned before the accident and the average amount which he is earning or is able to earn in some suitable employment or business after the accident. The difference between the earnings of the defendant in error before the accident and what he was earning and what he was able to earn, as shown by his testimony, is $7.08 a week, and therefore there was no evidence before the arbitrator to sustain a finding of $6 a week. The only additional evidence produced on the hearing before the commission showed that from August 15, 1919, to December 31, 1919, he earned $252.94, and that from January 1, 1920, to April 30, 1920, he earned $573.91, which was at the rate of $33.75 a week, which is thirty-three cents a week less than his earnings before his injury. The hearing before the commission was on May 26, 1920, and it is apparent that there was no material difference between the earning capacity of the defendant in error at that time and his average wages before his injury. Since there was no other evidence on this point in the record the award cannot be sustained. When an employee is physically able to work and is able to earn in a suitable employment the same wages as he received before he was injured an award for partial incapacity is not justified. *Voight* v. *Industrial Com.* 297 Ill. 109; *Old Ben Coal Corporation* v. *Industrial Com.* 296 id. 229.

On the hearing before the arbitrator the plaintiff in error requested of the arbitrator that Dr. Daggett, who was present, be permitted to examine the applicant to ascertain the extent of his injury, and to what, if any, compen-

sation he might be entitled, as authorized by section 12 of the Workmen's Compensation act. The attorney for the applicant objected, not on the ground that it was not a reasonable time and place but on the ground that no compensation was being paid, and the arbitrator sustained the objection on the ground that he could not order the applicant to submit to an examination until after it had been determined he was entitled to compensation. The employer's right to require an injured employee to submit to an examination is not restricted to cases where the employer acknowledges his liability to make compensation payments, and if the employee refuses to submit to such examination at a time and place reasonably convenient his right to compensation payments is suspended until such examination shall have taken place. *Hafer Washed Coal Co.* v. *Industrial Com.* 293 Ill. 425; *Jackson Coal Co.* v. *Industrial Com.* 295 id. 18.

Notice of the decision of the arbitrator was given to the plaintiff in error on December 8, 1919, and the petition for review was filed with the Industrial Commission on December 23. The Industrial Commission made orders extending the time for filing the stenographic report for thirty days on December 23, 1919, January 27, 1920, and February 26, 1920, and the stenographic report was not filed until March 20, 1920, more than three months after the date of notification of filing of the award. The defendant in error has made a motion, which was taken with the case, to dismiss the writ of error and affirm the judgment for the reason that because of the failure to file the stenographic report within the time fixed by the statute the decision of the arbitrator became the decision of the Industrial Commission, conclusive upon all parties, and was not subject to review by the commission, by the circuit court by *certiorari,* or by this court. This question is raised for the first time in this court. It was not presented to the Industrial Commission or to the circuit court, but the defendant in error

appeared by his counsel and made no objection to the juris-
diction of his person, and thereby waived any right to raise
the question that the commission had lost jurisdiction of
the case. (*Pocahontas Mining Co.* v. *Industrial Com. ante,*
p. 462; *Taylor Coal Co.* v. *Industrial Com. ante,* p. 381.)
The motion will therefore be overruled.

The judgment of the circuit court will be reversed and
the cause will be remanded, with directions to set aside the
order of the Industrial Commission and remand the cause
for a further hearing and the introduction of further evi-
dence, if either of the parties so desires.

*Reversed and remanded, with directions.*

---

(No. 14368.—Reversed and remanded.)
Elizabeth McMechan *et al.* Plaintiffs in Error, *vs.*
W. E. Yenter *et al.* Defendants in Error.

*Opinion filed February 22, 1922.*