(No. 1302—

JOSEPH P. FARRELL, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed November 7, 1929.*
*Rehearing denied January 15, 1931.*

ELLIS, WESTERN & BRITTAIN, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

Claimant was employed by the State as a laborer in maintenance work on one of the State highways, near Elgin. While engaged with other employees in marking the traffic line on the pavement he fell from a truck and fractured his right leg. The injury occurred June 10, 1927, and the next day he was taken to the Sherman Hospital at Elgin where he remained until August fifth following. He received surgical attention while at the hospital by Dr. W. S. Brown and also for a considerable time after he left. The hospital bill introduced in evidence is $201.50 and Dr. Brown's bill, also introduced, is $401.00. Claimant in his declaration asks an award for $4,000.00 to compensate him for his injury, basing his claim upon the provisions of the Workmen's Compensation Act. The provisions of this Act apply to the State when it is engaged in any enterprise or business declared by Section 3 of the Act to be extra hazardous. Under paragraph 1 of that section the maintenance of one of the paved highways of the State is an extra hazardous enterprise or business.

Claimant was receiving from the State at the time of his injury an average weekly wage of $30.25 and was paid at that rate during all the time he was incapacitated from work, the total payments amounting to $605.00. On October 31, 1927, he went back to work for the State at the same wage and worked until February 14, 1928, when he quit of his own volition, having secured other employment.

Sub-section (A) of Section 8 of the Workmen's Compensation Act provides the employer shall provide the necessary first aid medical and surgical services, and all necessary medical, surgical and hospital services thereafter, limited,

however, to that which is reasonably required to cure or relieve from the effects of the injury. Sub-section (b) of section 8 provides the employee shall be paid 50 percent of his earnings during the period of his temporary total incapacity, but not less than $7.50 per week nor more than $14.00 per week. Sub-section (d) of section 8 provides that where the employee is partially incapacitated he shall receive 50 percent of the difference between the average amount which he earned before the accident and the average amount which he is earning or is able to earn in some suitable employment or business after the accident. "The object of this section of the statute is to compensate the injured employee for his reduced earning capacity, and if the injury does not reduce his earning capacity he is not entitled to compensation. There is no intent expressed in the statute to allow compensation for pain and suffering. The phrase, 'or is able to earn in some suitable employment or business', was added to the section to prevent a person from loafing or refusing to work in order to collect compensation." (*Groveland Coal Co.* v. *Industrial Com.*, 309 Ill. 73.) An employee is physically able to work when he can do so without seriously endangering his health or life. (*Voight* v. *Industrial Com.*, 297 Ill. 109; *St. L. & O'F. Coal Co.* v. *Industrial Com.*, 321 Ill. 117.)

The evidence shows claimant has fully recovered from his injury and was able to earn and did earn as much after his accident as before. "When an employee is physically able to work and is able to earn in a suitable employment the same wages as he received before he was injured an award for partial incapacity is not justified." (*Paradise Coal Co.* v. *Industrial Com.*, 301 Ill. 504.) Claimant testified that he is not able to do the same work since his injury that he could do before. That is not material. If he is able to earn in any suitable employment or business as much after his injury as he earned before it then he is not entitled to an award.

Claimant also testified his injury had decreased his earning power more than half. This testimony was objected to, and is not competent. (*Old Ben Coal Co.* v. *Industrial Com.*, 293 Ill. 524.)

Approximately twenty weeks intervened between the date claimant was injured and the date he returned to work. For that period the maximum amount he was entitled to receive as compensation was $280.00. It is conceded he was paid

$605.00. Deducting the $280.00 compensation he was entitled to leaves $325.00, to cover hospital and surgical services. The employee has the right to secure his own hospital and surgical services at his own expense. So far as this record shows he did so. The employer is not liable for all hospital, medical and surgical services the employee may elect to secure. His liability is limited "to that which is reasonably required to cure or relieve from the effects of the injury." We think $325.00 was amply sufficient to have secured the necessary hospital and surgical aid required in this case.

The liability of the State for injuries to its employees while engaged in extra hazardous enterprises is the same as that of private citizens or corporations engaged in similar enterprises, and is to be determined "in accordance with the rules prescribed in the act commonly called the Workmen's Compensation Act." Under the provisions of this Act claimant is not entitled to any more compensation than he has received.

The award is therefore denied and the claim dismissed.

On January 15, 1931, upon petition for rehearing the following additional opinion was filed:

Claimant has filed a petition for rehearing, which is to a large extent but a re-argument of the case. Under the rules of this court, argument in support of a petition for rehearing is not permitted. The reason for this rule is, the State has no opportunity to be heard upon the petition. However, we have again examined the record in the case and find no reason for granting a rehearing and the petition is therefore denied.