(No. 33037.—

SHELL OIL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(CLETUS C. BECK, Defendant in Error.)

*Opinion filed March 17, 1954—Rehearing denied May 19, 1954.*

RAYMOND W. HOTTO, of Wood River, and JESSE M. DAVIS, of Tulsa, Okla., for plaintiff in error.

JOSEPH M. DELAURENTI, of Edwardsville, for defendant in error.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Cletus C. Beck filed his application for adjustment of claim for an accidental injury suffered by him at his employers' plant in Wood River on April 11, 1950. According to the application, the respondent, hereinafter called claimant, at the time of the accident, while dismantling pipe, slipped and fell to the floor, injuring the lower part of his back and left leg. An arbitrator heard the case and found that an accidental injury arising out of and in the course of employment had occurred, that surgical and hospital services were not provided, and awarded the respondent the sum of $779 for medical, hospital and surgical services, that total temporary disability had been suffered and awarded compensation for a period of 67⅝ weeks from the date of injury, and that the sum of $853.60 had been paid by the petitioner to claimant, and that the petitioner was entitled to credit for such payment. There was no finding that permanent disability had been suffered as a result of the accident for which compensation was payable. The Industrial Commission confirmed the award of the arbitrator. The circuit court of Madison County confirmed the award of the Industrial Commission and in addition thereto found that as a result of the accidental injury the

claimant had suffered a fracture of the body of the fourth and fifth lumbar vertebrae, resulting in a loss of function of the back under the provision of paragraph (d) of section 8 of the Workmen's Compensation Act, (Ill. Rev. Stat. 1949, chap. 48, par. 145,) and claimant is entitled to receive from petitioner the sum of $24 per week for a period of 60 weeks.

The petitioner contends (1) that the circuit court erred in holding that Beck suffered an accidental injury resulting in a fracture of the body of the fourth and fifth lumbar vertebrae for the reason that the provision of paragraph (d) of section 8 of the Workmen's Compensation Act only applies where the vertebrae are fractured by the accident and has no application where the accident causes no fracture of the vertebrae, hence the circuit court erred in holding that the employee suffered an accidental injury resulting in a fracture of the fourth and fifth lumbar vertebrae, because a deliberate cutting away or invasion by a surgeon of a part of an uninjured vertebrae to perform an operation does not constitute a fracture within the meaning of said paragraph (d) of section 8 of the Workmen's Compensation Act; (2) that there is no evidence in the record to show that claimant has any loss of function of the back as a result of the operation as required by the Workmen's Compensation Act; (3) that the evidence does not disclose the extent of loss of function of the back and the award cannot be sustained; (4) that the evidence fails to disclose that claimant was temporarily totally disabled for a period of $67\frac{5}{7}$ weeks; and (5) that there is no competent medical testimony showing that claimant's disability was caused by any accident arising out of and in the course of claimant's employment by petitioner.

From the time of passage of the Workmen's Compensation Act in 1913 and up until 1945, paragraph (d) of section 8 of the statute was and still remains the paragraph under which permanent partial disability is receiv-

able. However, until 1945, in order to recover thereunder there must have been proof of a loss of earning capacity, apparently commonly referred to as "wage differential." The legislature in 1945 amended the statute by adding thereto the following proviso which, as amended in 1949, reads as follows: "Provided, however, if no compensation is awarded under the foregoing provisions of this paragraph, and when an accidental injury has been sustained which results in a fracture or fractures of the body or bodies of one or more vertebrae resulting in a loss of function of the back, compensation may be allowed for a period not to exceed sixty (60) weeks in addition to compensation for temporary total disability, such compensation to be in lieu of all other compensation specified hereinbefore by this paragraph."

The purpose of this statute apparently was to take care of a situation where even though the injured person might suffer no "wage differential" by reason of the fracture, he could still have a recovery of compensation as a result of a fracture. It is this provision of the statute that the circuit court of Madison County held applicable to the facts in this case, and under which it, contrary to action of the arbitrator and Industrial Commission, awarded the claimant compensation in the amount of $24 for a period of 60 weeks.

The facts in reference to the fracture in question are not disputed. No fracture of the fourth and fifth lumbar vertebrae occurred at the time of the alleged accidental injury, but only when Dr. Fritsch, assisted by Dr. Kelley of the Shell Company, performed an operation on the claimant in order to relieve a condition caused by ruptured intervertebral disc or herniated disc, which, according to a diagnosis made by Dr. Fritsch, was a condition from which the respondent was suffering. In performing this operation, Dr. Fritsch and Dr. Kelley, in order to remove the ruptured intervertebral disc, found it necessary to break

off a piece of bone of about three fourths of an inch of the fourth vertebra of the respondent, and a bony ridge, about the size of a half dollar was broken off the fifth vertebra in the course of the operation. It is these fractures for which the circuit court of Madison County held the claimant was entitled to recover. This action on the part of the court is one of the assignment of errors alleged to have been committed by said court.

In support of its contentions petitioner urges that inasmuch as the legislature in including the questioned language was amending an act dealing solely with *accidental* injuries, it is to be assumed that they were dealing with accidental fractures. Furthermore, petitioner contends that the word "fracture" is used in its ordinary sense as an accidental breaking of bone as opposed to a surgical cutting away of a part of the bone. It is interesting to note, however, that the language of this section while referring specifically to "accidental injuries" does not specify that the fracture or fractures be themselves accidental. The section states only, "when an accidental injury has been sustained which results in a fracture or fractures of the body or bodies of one or more vertebrae resulting in a loss of function of the back, * * *." It has been held in this State that the employer is liable under the Workmen's Compensation Act for all injuries and disabilities directly traceable to the accidental injury without any independent intervening cause to break the chain of causation. (*Lincoln Park Coal and Brick Co.* v. *Industrial Com.* 317 Ill. 302, and cases cited therein.) In those cases where this rule has been announced the facts have indicated that but for the accidental injury the ensuing injuries or disabilities would never have resulted. The record here indicates clearly that the operation performed on Cletus C. Beck was necessary to relieve a condition resulting from his accidental injury. Consequently, but for the accidental injury it would have been unnecessary to remove part of the two vertebrae.

The Workmen's Compensation Act is a humane law of remedial nature, and wherever construction is permissible its language is to be liberally construed to effect the purpose of the act. (*City of West Frankfort* v. *Industrial Com.* 406 Ill. 452; *Lambert* v. *Industrial Com.* 411 Ill. 593.) The purpose of the act is that the burdens of caring for the casualties of industry should be borne by industry and not by the individuals whose misfortunes arise out of the industry, nor by the public. Every injury sustained in the course of the employee's employment, which causes a loss to the employee, should be compensable. (*Petrazelli* v. *Propper*, 409 Ill. 365; *Lambert* v. *Industrial Com.* 411 Ill. 593.) A fracture is the act of breaking, or state of being broken; rupture, as of material, by a break through the entire thickness; breach, or that which is produced by breaking; a crack, or cleft. (Webster's New International Dictionary, 2nd Edition.) Nothing in the definition of "fracture" requires that it be accidentally caused. It can be intentional. Moreover, while it is ordinarily thought of as a breaking, a liberal construction would include a surgical cutting or cleavage. Since we must apply a liberal construction to effectuate the purposes of the act, it is axiomatic that a surgical removal of part of a vertebra, when necessitated by an accidental injury, would constitute such a fracture as would be compensable under the terms of this act, providing all other requirements are met.

The petitioner urges that before a compensation for permanent disability can be allowed under this section, it is required that the proof show a loss of function of the back by reason of the fractured vertebrae, and this record contains no evidence of such a loss.

Dr. Kilian Fritsch, who examined and treated Beck, and who performed the operation upon the claimant's spine, testified that subsequent to the injury he examined claimant on June 23, 1950, in September, 1950, and in

November and December of 1950. At these times there was good motion of Beck's back, but he developed some limitation of motion in the lumbar spine in February, 1951. On the basis of several related symptoms he made a definite positive finding of a ruptured disc and operated on March 10, 1951, to correct the situation. As a result of the operation claimant no longer complains of terrible pain in his back and leg, but there is stiffness in the lumbo sacral area. Subsequent to the operation, the doctor examined claimant on July 11, 1951, and for the first time made a positive finding of limited motion of the spine. The doctor testified that prior to the operation it was his impression that pain was causing all of the trouble experienced by the claimant.

Dr. Joseph Mira, called by the petitioner, treated claimant as a result of this injury. He testified that he examined claimant several times, the last time being on February 8, 1951. He found there to be good motion of the lumbosacral spine, and the patient was able to get his hands within 8 inches of the floor.

The record shows that at the time of the hearing before the arbitrator claimant was able to bend and to lower the tips of his fingers only to within 24 inches of the floor. Cletus Beck testified that his back was very tight, that he could bend some, that he had tried mowing the lawn and sweeping, but he gets tired and must sit and rest. Walking up steps bothers him. This testimony by the claimant is competent, since an applicant for workmen's compensation can testify as to his physical condition and whether his injuries cause pain in attempting to perform his usual duties or affect his ability to perform his duties. *Central Illinois Public Service Co.* v. *Industrial Com.* 302 Ill. 27.

This review of the evidence clearly demonstrates that Beck suffered no positive limitation of motion of his back, other than that possibly due to extreme pain, prior to the operation. The operation resulted in an elimination of

the excessive pain but definitely has resulted in a positive stiffness of the lumbosacral spine causing the claimant to be unable to bend as he previously could, and to be unable to perform tasks he could previously execute.

The statute allows an entry of an award where a fracture or fractures of vertebrae result in a loss of function of the back, not to exceed a period of 60 weeks. The period is within the discretion of the commission or the circuit court, and, where no abuse of that discretion is apparent, this court will not interfere with the period determined. While petitioner assigns error for the reason that the court entered an award for 60 weeks where there was no evidence as to the extent of loss of function of the back, there is a total failure to argue that point in the brief. Consequently the point is waived and need not be considered here. *People ex rel. Montgomery* v. *Lierman,* 415 Ill. 32.

It is next urged by petitioner that the court erred in confirming the award of the Industrial Commission for $67\frac{5}{7}$ weeks' temporary total disability for the reason that the evidence fails to disclose that respondent was so disabled for that period.

The record indicates that Dr. Joseph J. Mira testified that on November 3, 1950, and on May 29, 1950, he recommended that Beck be allowed to return to work. There is no showing, however, that Dr. Mira examined the claimant on May 29, 1950, but merely that he made such a recommendation to the petitioner.

Dr. Edmund A. Smolik, a neurological surgeon who examined the claimant on October 9, 1950, when called by the petitioner testified that it was his impression that Beck could engage in work at the time he saw him, but that he could be mistaken in his opinion. The doctor does not say what kind of work he believed the claimant could then perform.

Dr. Fritsch merely testified that a recommendation had been made in November, 1950, that the claimant do light work, but the company would not hire him back. Obviously, the doctor referred to the recommendation by Dr. Mira. Dr. Fritsch stated that in his opinion, at the time of the hearing, Beck was able to do light work just recently. While acknowledging that Beck could do light work at one time in November, the doctor stated he soon thereafter took a turn for the worse. By the term "light work" he testified he meant that claimant could not do such things as stooping, lifting, heavy carrying and twisting.

Dr. Thomas Kelley, a physician regularly employed by the petitioner, was called by the petitioner and testified that he examined Beck several times prior to the operation and found he was able to work, but could not do heavy work. This is the same Dr. Kelley, however, who refused claimant the right to return to work on May 8, 1950, for the reason that his back would not permit it.

The claimant, Cletus Beck, testified that at the time he returned to the plant on Dr. Mira's recommendation, Dr. Kelley directed him to the plant attorney, Hotto, who told him he was not going to do anything for him except give him insurance and told him he was not going to be able to work for a year. Claimant further testified that he is a pipefitter and his job requires him to go up and down ladders, to swing sledge hammers, to pull on wrenches of all sizes and exert quite a bit of pressure.

The record does contain some indication that the claimant could do some work prior to the operation. That evidence, however, is meager and not of a positive nature. Moreover, it is undisputed that petitioner would not permit plaintiff to resume work of any kind. Temporary disability exists from the time of the injury until the employee is as far restored as the permanent character of his injury will permit. It is easy to determine when the period begins but

it is not always possible to determine with mathematical exactness when it ends. (*Consolidated Coal Co.* v. *Industrial Com.* 311 Ill. 61; *Western Cartridge Co.* v. *Industrial Com.* 357 Ill. 29.) Without doubt the record discloses that the operation so relieved the excessive pain as to restore claimant's health to a degree not acquired theretofore. If the commission believed the testimony of Cletus Beck and Dr. Fritsch, and noted certain contradictions in the other evidence presented, it was justified in finding that claimant suffered 67$\frac{5}{7}$ weeks of temporary total disability. It is only where the decision of the Industrial Commission is without substantial foundation in the record or its findings are manifestly against the weight of the evidence that such decision will be set aside. It is the Industrial Commission's province to draw reasonable conclusions from the evidentiary facts and its findings of fact will not be set aside unless against the manifest weight of the evidence, even though different inferences might be reasonably drawn from the evidence. *Town of Cicero* v. *Industrial Com.* 404 Ill. 487; *Electro-Motive Division* v. *Industrial Com.* 411 Ill. 132.

Subsequent to his injury, the petitioner paid to Cletus Beck the sum of $853.60 as disability insurance benefits under an insurance plan provided by the company for nonoccupational injuries of their employees. The arbitrator found that the sum of insurance benefit payments might be allowed as a credit against the award for temporary total disability. This determination of the arbitrator was affirmed by the Industrial Commission, and in turn affirmed by the circuit court. In partial answer to the above point the claimant in his brief avers that the petitioner was not entitled to a credit or setoff of this $853.60 against the award for temporary total disability. Claimant's brief failed to contain an assignment of this point as a cross error, in contravention of Rule 39 of this court. Moreover, the claimant failed to challenge the award

of the arbitrator on this point before the Industrial Commission, and in turn failed to challenge the decision of the Industrial Commission on this point when before the circuit court on review. Claimant had adequate opportunity to present this contention before both the Industrial Commission and the circuit court. A contention not urged below, cannot be raised for the first time in this court. *Bowman* v. *Pettersen*, 410 Ill. 519.

It is finally urged by petitioner that the court erred in confirming the award for temporary total disability and medical expense because there is no competent medical testimony showing that claimant's disability was caused by any accident arising out of and in the course of his employment by the petitioner. It is undisputed that Dr. Fritsch testified that claimant's injury on April 11, 1950, was the initial cause of claimant's disability and of the herniated disc which he later operated to correct. Dr. Fritsch also stated that claimant had no prior trouble. Petitioner contends that the doctor's opinion was based on an incomplete and inaccurate history since he proceeds on the theory that claimant had no prior trouble, while the record evidences previous periods of back pain experienced by this claimant. Moreover, petitioner claims the doctor's opinion is based in part on a history given to the doctor by the claimant.

In his testimony where he stated that claimant had no prior trouble, Dr. Fritsch obviously meant that there was no evidence or history of a herniated disc between the fourth and fifth vertebrae of the lumbosacral spine. He does not by such testimony eliminate the possibility of other back trouble or pain, or refute the testimony relating to the chronic condition of the cervical spine. Nothing in this record, pertaining to prior back trouble suffered by claimant, indicates that that previous pain was associated in any way with the disability brought on by this injury. The arbitrator and the Industrial Commission had the

benefit of the evidence presented by Drs. Fritsch, Kelley and Mira and concluded that there was sufficient medical testimony to indicate that temporary total disability should be awarded, and that the disability was caused by an injury arising out of claimant's employment by petitioner. There certainly was sufficient evidence to justify the Industrial Commission's determination. (*Town of Cicero* v. *Industrial Com.* 404 Ill. 487.) Moreover, when a conflict of views of medical experts arises, this court will not undertake to determine which is more worthy of belief but will adopt the finding of the Industrial Commission. *Electro-Motive Division* v. *Industrial Com.* 411 Ill. 132.

Petitioner objects to a portion of Dr. Fritsch's testimony as hearsay and self-serving as obtained from the claimant, wherein claimant stated that he slipped on April 11, 1950, while working for the petitioner in the course of pulling on a pipe, and injured his back. It is an exception to the hearsay rule, however, that declarations of an injured person to his treating physician as to his physical condition, and the cause thereof are admitted in evidence for the reason that it is presumed that a person will not falsify such statements to a physician from whom he expects and hopes to receive medical aid. (*Shaughnessy* v. *Holt,* 236 Ill. 485.) Petitioner objects to this testimony on the ground that it was given to Dr. Fritsch on June 23, 1950, at a time when he was examining him only for the purpose of testifying, and not as a treating physician. There is not the slightest evidence in this record that claimant saw Dr. Fritsch solely for the purpose of obtaining his testimony. It is true that claimant's attorney recommended Dr. Fritsch, but claimant also testified that he saw Dr. Fritsch every two weeks thereafter, and was simultaneously treated by him and Dr. Mira. Claimant stated he went to Dr. Mira because he was advised to do so by petitioner's Dr. Kelley. Dr. Fritsch corroborates claimant, in that he examined claimant several times and

treated him. Dr. Fritsch recommended and performed the operation on claimant's back to correct a herniated disc condition. It is undisputed that petitioner's attorney informed claimant that he would have to submit a report from Dr. Fritsch before they could return him to even light work. It is difficult to imagine more positive indication that Dr. Fritch was claimant's treating physician. Certainly, the arbitrator and the Industrial Commission had sufficient evidence upon which to found their determination that he was the treating physician, and we are not disposed to find otherwise. Dr. Fritsch was a competent witness, and his testimony is sufficient to establish a causal connection between the disability and the injury arising out of claimant's employment by petitioner.

No error being manifest by this record, the judgment of the circuit court of Madison County is affirmed.

*Judgment affirmed.*