(No. 53613.—

ROBERT FULLER, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Chicago Heights Steel, Division of General Bronze, Appellee).

*Opinion filed September 30, 1981.*

Edward J. Bradley, Jr., of Bradley, Bradley & Nedderman, of Chicago, for appellant.

Kane, Doy & Harrington (Arthur O. Kane and John S. Hayes, of counsel), for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

On June 20, 1978, the Industrial Commission denied a petition to vacate a prior order that suspended compensation payments to plaintiff, Robert Fuller. The prior suspension order had been issued on March 28, 1972. The Commission's order denying the petition to vacate was confirmed by the circuit court of Cook County.

The sole issue is the propriety of the Commission's refusal to vacate an order, issued over six years earlier, that suspended compensation payments under section 12 of the Workmen's Compensation Act (Act) (Ill. Rev. Stat. 1977,

ch. 48, par. 138.12) to an employee who failed to submit to a physical examination.

The record of the hearing in the case before us reveals that the original file, including the original transcript, was missing. The docket summary disclosed the following facts. An arbitrator awarded plaintiff $76 per week for 64 weeks of temporary total disability and $68 per week for 110 weeks representing 55% permanent loss of use of the left leg resulting from an accident that occurred January 17, 1966. This award was made on January 28, 1970. Review was sought by both plaintiff and defendant, Chicago Heights Steel, Division of General Bronze, after which defendant requested that plaintiff submit to a physical examination under section 12 of the Act. Plaintiff failed to comply, and on March 28, 1972, the Commission entered an order suspending compensation payments due to plaintiff's failure to submit to the requested examination.

Over six years later, on April 21, 1978, plaintiff filed a petition before the Commission to vacate its 1972 order. It is the Commission's denial of the petition to vacate, and the circuit court's subsequent confirmance of the denial, that plaintiff is now appealing.

Plaintiff argues that by giving the Commission the authority to suspend compensation benefits the legislature did not intend to grant the Commission the power to terminate them. Plaintiff asserts that because he is now willing to submit to a physical examination the 1972 suspension order should be vacated.

Section 12 of the Act provides:

"If the employee refuses so to submit himself to examination or unnecessarily obstructs the same, his right to compensation payments shall be temporarily suspended until such examination shall have taken place, and no compensation shall be payable under this Act for such period." (Ill. Rev. Stat. 1977, ch. 48, par. 138.12.)

According to plaintiff's interpretation of the statute, a suspension order would hold payments in abeyance, which would have the effect of allowing a claimant to wait indefinitely to comply with section 12 of the Act. Section 12 is intended to compel compliance by the claimant. (See *Paradise Coal Co. v. Industrial Com.* (1922), 301 Ill. 504; *Jackson Coal Co. v. Industrial Com.* (1920), 295 Ill. 18; *Hafer Washed Coal Co. v. Industrial Com.* (1920), 293 Ill. 425.) Although the statute does not provide the time within which an employee must comply, we do not construe the term "temporarily suspended" as contemplating a six-year waiting period for that compliance.

A prohibition against a six-year delay is necessary for several reasons. Any attempt to establish the right to compensation based on an injury occurring more than six years earlier (in this case, the injury occurred 12 years before plaintiff's motion to vacate the suspension) will encounter, in some instance, insurmountable problems of proof. For example, such delay increases the difficulty in ascertaining the nature and extent of the disability attributable to the original injury. Moreover, as a practical matter, employers would never know what kind of future liabilities they might incur and would have difficulty in computing appropriate reserves. Finally, if there were no limit to a claimant's time to comply, administrative problems would arise. The Commission would have to keep a file on every noncomplying claimant, perhaps indefinitely, until such compliance occurred. One of the potential problems of that situation is evident in this case, where the original file and transcript were missing.

Here, plaintiff seeks relief where his situation was brought about by his own inaction. Under the circumstance of this case, we hold it was unreasonable for plaintiff to wait six years before seeking to comply with the order to submit to an examination. Accordingly, the Commission was not in error in denying the petition to vacate its 1972 suspension

order, and the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*