(No. 20957.

Laurel D. Meyer, Plaintiff in Error, vs. The Industrial Commission et al.—(Albert E. M. Louer, Defendant in Error.)

*Opinion filed December 17, 1931—Rehearing denied Feb. 5, 1932.*

Matthew J. O'Brien, and George H. Moloney, for plaintiff in error.

McKenna & Harris, (James J. McKenna, Frank R. Peregrine, and Abraham W. Brussell, of counsel,) for defendant in error.

Mr. Chief Justice Stone delivered the opinion of the court:

This cause is here on writ of error allowed by this court to review the decision of the circuit court of Cook county holding that plaintiff in error is not entitled to compensation for the death of her husband, Walter W. Meyer. The circuit court confirmed the holding of the Industrial Commission setting aside an award granted by the arbitrator.

The facts are not in dispute. The usual business and occupation of defendant in error, Albert E. M. Louer, on the day of the death of Meyer, was that of inventory merchandise manager for Mandel Bros. store, in the city of Chicago. He purchased an aeroplane, which he kept at Sky Harbor, near the city of Chicago. Whenever he or his brother-in-law, Benjamin L. Bird, desired to use the plane Meyer piloted it for them. Louer, by agreement with Meyer, paid him $10 an hour actual flying time, and if a trip extended somewhat over an hour he was guaranteed at least $25 a day. From the date of the purchase of the plane on May 25, 1929, to the latter part of August, Louer had paid Meyer $830.36 for his services in piloting the plane. Louer testified that he used the plane both on business and pleasure trips; that no one operated it for him but Meyer, and that this was done by reason of his arrangement for Meyer's services. Meyer also conducted an airport and took passengers or students, the former of whom paid him at the rate of $10 per hour, and if the student did not provide his own plane Meyer would use his plane and gasoline and charge the student at the rate of $30 per hour. Louer testified that if Meyer was not otherwise engaged he was to pilot the plane for him, Louer, or the latter's brother-in-law, Benjamin L. Bird. In piloting the plane for

Bird, Louer paid for Meyer's services. On September 14, 1929, Bird, desiring to take a guest from Sky Harbor to Maywood, called Meyer and met him at Sky Harbor. Meyer, using Louer's plane, took Mrs. Benjamin L. Bird and Major-General Schroeder to Maywood. After landing Schroeder, Meyer and Mrs. Bird were returning to Sky Harbor when Louer's plane collided with another aeroplane, causing the Louer plane to fall to the ground, thereby causing the death of both Meyer and Mrs. Bird.

On May 25, 1929, Louer purchased from the Glens Falls Indemnity Company a workmen's compensation insurance policy to cover Meyer, as his employee, while operating his plane. This policy was in effect at the time of the accident. It covered aircraft operation, commercial or private, excluding demonstration, testing, instruction, public exhibition and trick or stunt flying. It named Meyer as the employee. The Glens Falls Indemnity Company on July 3, 1929, filed with the Industrial Commission a certificate certifying that its policy, a form of which had theretofore been filed with the Industrial Commission, had been issued to Louer as employer, and that by so doing the insurer admitted the business or operations of the employer described in the policy for the period the policy was to remain in force, and that for the purpose of the Workmen's Compensation act jurisdiction of the employer by the Industrial Commission should constitute jurisdiction of the insurer. The certificate stated that it is filed with the Industrial Commission by the insurer for itself and as agent of the said employer, in compliance with the provisions of the Workmen's Compensation act. The name of the insured employer, with his address, was given as Albert E. M. Louer. The certificate also stated the character of the operation covered by the policy, as hereinbefore noted. On this date Louer filed with the Industrial Commission an employer's written acceptance and election to be bound by the Workmen's Compensation act, stating that he accepted

the provisions of the Workmen's Compensation act and elected to provide and pay compensation for accidental injuries to employees in accordance therewith. The number of employees was stated as "pilot and possibly mechanics at some time or other." The certificate gave the place of employment and stated that the nature of the employment was that of pilot of aeroplane and possibly worker on the same, and stated that the method of providing for compensation was by policy in the Glens Falls Indemnity Company.

The arbitrator, as we have stated, found that deceased and Louer were operating under the provisions of the Workmen's Compensation act and that deceased sustained accidental injuries which arose out of and in the course of the employment and that notice of the injury and demand for compensation had been received by Louer, and entered an award. It appears that deceased left two children under sixteen years of age. The arbitrator's award was for $16 per week for 284 weeks and $6 in addition. On review by the Industrial Commission the award of the arbitrator was set aside on the ground that the relation of employer and employee did not exist between Meyer and Louer. This finding was confirmed by the circuit court.

Plaintiff in error contends that the relation of employer and employee existed between Meyer and Louer and that both were under the Workmen's Compensation act. Defendant in error contends that such relation did not exist for the following reasons: (1) Louer was not engaged in any "business or enterprise" or occupation within the meaning of section 4 of the Compensation act; (2) that Meyer was not an employee engaged in the "usual course of trade, business, profession or occupation of his employer," within the meaning of section 5 of the Compensation act; (3) that Meyer was an independent contractor and was not Louer's employee; and (4) that at the time of the accident Meyer was an employee of Bird, his special employer.

Considering these points in the order in which they have been stated, we come first to the question whether Louer and Meyer were working under the Workmen's Compensation act. Defendant in error argues that by section 4 of the Compensation act services of the character here involved are excluded. By that section (Cahill's Stat. 1931, p. 1405,) an employer is defined as follows: "Every person * * * who has any person in service or under any contract for hire, express or implied, oral or written, and who is engaged in any of the enterprises or businesses enumerated in section 3 of this act, or who at or prior to the time of the accident to the employee for which compensation under this act may be claimed, shall, in the manner provided in this act have elected to become subject to the provisions of this act, and who shall not, prior to such accident, have effected a withdrawal of such election in the manner provided in this act." It will be observed that this section defines an employer as one who is engaged in any of the businesses enumerated in section 3 or any person who prior to the accident elects to become subject to the provisions of the act. It is clear that if the certificate of election made by Louer and filed with the commission complied with the act he became an employer under the act though not engaged in any of the enterprises or businesses enumerated in section 3 of the act. Section 1 of the act provides that an employer who does not come within the classes enumerated in section 3 may elect to provide and pay compensation for accidental injuries sustained by any employee arising out of and in the course of the employment according to the provisions of the act and thereby relieve himself from any liability for the recovery of damages except as in the act provided. It is also there provided that such election shall be made by the employer filing notice of such election with the Industrial Commission or by insuring his liability to pay compensation under this act with some insurance carrier authorized or permitted to

do such insurance business in this State. The record discloses that Louer not only filed his certificate of election to be bound by the act but procured a policy from the Glens Falls Indemnity Company authorized to do that character of insurance business in this State, and that insurer also filed its certificate admitting itself to be bound to Louer by the terms of its policy. The policy issued stated that it was to cover the employment of Meyer as pilot and mechanic. This position of the defendant in error therefore cannot be sustained.

It is further argued by defendant in error that Meyer was not an employee engaged in the "usual course of trade, business, profession or occupation of his employer," within the meaning of section 5 of the act. The term "employee" is by paragraph 2 of that section defined as "every person in the service of another under any contract of hire, express or implied, oral or written, * * * but not including any totally blind person or any person who is not engaged in the usual course of the trade, business, profession or occupation of his employer." Section 4 defines employers to whom the act applies. Section 5 defines employees to whom the act applies. By section 1 an employer not under the act may become such by complying with the provisions of that section. By paragraph 3 of section 26 of the act it is provided that any employer not under section 3 of the act who may elect to provide and pay the compensation provided for in the act shall "insure his entire liability to pay such compensation in some insurance carrier authorized, licensed, or permitted to do such insurance business in this State." This Louer did. It is evident that by filing the above mentioned certificate and taking out compensation insurance Louer elected to put himself under the act and fully complied with all requirements of the act to that end. By paragraph (c) of section 1 it is provided that where the employer elects to provide and pay compensation, then every employee of such employer, as a part of

his contract of hire, or who may be employed at the time of the taking effect of the act and the acceptance of its provisions, shall be deemed to have accepted all the provisions of the act and shall be bound thereby unless within thirty days after such hiring he shall file a notice to the contrary with the Industrial Board or shall file such notice at least ten days prior to January 1 of any year. Thus Meyer, by Louer's election and his failure to renounce under the act, became an employee and subject to the terms of the act unless he was, as counsel contend, an independent contractor. The evidence is undisputed that Louer owned the plane, furnished the gasoline and employed Meyer to pilot it whenever he or his brother-in-law, Bird, desired to use it. Louer paid Meyer the stipulated price for his services regardless of whether he or his brother-in-law was using the plane. Meyer received instructions from the person he was piloting as to where he should fly the plane and when he should return. Whether one engaged in service for another is an employee or independent contractor is not always easy of determination. One of the principal considerations is the right to control the manner of the work though not the actual exercise of that right. (*Cinofsky* v. *Industrial Com.* 290 Ill. 521.) The manner of payment for the services is not necessarily controlling. (*Franklin Coal Co.* v. *Industrial Com.* 296 Ill. 329.) If the owner of an aeroplane directs when and where the pilot shall take it or directs the pilot to go where directed by a passenger whom he is employed by the owner of the plane to pilot, and such owner has the right to discharge the one rendering the service of piloting, the relationship of employer and employee is established. (*Decatur Railway and Light Co.* v. *Industrial Board,* 276 Ill. 472.) Louer engaged Meyer to take either himself or Bird, or both, to places designated by either, at such times as Louer or Bird indicated, provided Meyer was not so engaged as to be unable to accompany them. In such cases Louer or Bird controlled the

time of starting, the destination and the time and place when and to which they were to return. For these services Louer paid Meyer and was the only one who had a right to discharge him. Meyer was thus subject to Louer's control as to the terms of his employment, character and duration of the same. This was sufficient to establish the relation of employer and employee. (*VanWatermeullen* v. *Industrial Com.* 343 Ill. 73.) What we have said concerning the employment of Meyer applies to the next and last contention of defendant in error.

Counsel say that the relation of employer and employee, if it existed at all, was at the time of the accident between Meyer and Bird, as Meyer's special employer. As we have seen, Bird had no authority to discharge Meyer. He did not pay him, and the only control he exercised over him was to determine the time of starting and returning, and this only when Bird used the plane in the absence of Louer. This court has held that an unfailing test in determining the relation of master and servant is whether the control of the servant includes the power to discharge him, and unless that power exists the relation of master and servant does not exist. *Densby* v. *Bartlett,* 318 Ill. 616; *Connolly* v. *People's Gas Light Co.* 260 id. 162; *Foster* v. *Wadsworth-Howland Co.* 168 id. 514.

We are of the opinion that the relation of employer and employee existed between Meyer and Louer at the time of the accident and that both were by Louer's election operating under the Workmen's Compensation act. It follows that the award of the arbitrator was right. The circuit court erred in confirming the decision of the Industrial Commission setting aside the award of the arbitrator.

The judgment of the circuit court is reversed and the cause remanded, with directions to confirm the award of the arbitrator.

*Reversed and remanded, with directions.*