(No. 25163.—

HENRY KIJOWSKI, Appellee, *vs.* THE TIMES PUBLISHING CORPORATION, Appellant.

*Opinion filed October 10, 1939—Rehearing denied Dec. 6, 1939.*

EDWARD W. RAWLINS, and JAMES F. WRIGHT, (FAY WARREN JOHNSON, of counsel,) for appellant.

ALFRED ROY HULBERT, and GEORGE F. CALLAGHAN, for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

On August 22, 1936, Henry Kijowski, aged fifteen, was riding in one of defendant's newspaper trucks, and was injured in a collision. By his father and next friend he brought this tort action for damages for negligence. The Times Publishing Corporation defended on the theory that at the time of the accident this boy was one of its employees; that it was then operating under the provisions of the Workmen's Compensation act and that his only remedy is under that act. In its answer appellant stated: "That the said Frank Antker in said amended complaint, and each count thereof mentioned, was at the time of the happening of the accident and injury an employee of it, the defendant, and was engaged as such employee in the delivery or distribution of newspapers for it, and in connection with and for the purpose of making the delivery and distribution of newspapers, as aforesaid, was operating the motor truck

in plaintiff's amended complaint, and each count thereof mentioned, and that the said minor plaintiff, Henry Kijowski, prior to and at the time of the happening of said accident and injury to him in said amended complaint mentioned, was employed by the said Frank Antker for hire to assist him, the said Frank Antker, in and about the work of distributing and delivering newspapers for the defendant, and was at the time of the happening of said accident riding on said truck and assisting said Frank Antker in said work of distributing and delivering newspapers, as aforesaid; and that the said injuries to said Henry Kijowski arose out of and in the course of said employment; that at the time of the happening of said accident and injury to said minor plaintiff, Henry Kijowski, it was the custom and practice among drivers of the defendant to employ persons to ride on said trucks and assist them in the delivery and distribution of newspapers for the defendant, and that said custom and practice was known to and acquiesced in by the defendant; that said minor plaintiff, Henry Kijowski, did not, nor did his legal representatives, within six (6) months after the happening of said injury to him, file with the Industrial Commission of Illinois a rejection of his right to the benefits under the Workmen's Compensation act of the State of Illinois; that by reason of the foregoing, it, the defendant and the said minor plaintiff, Henry Kijowski, were at the time of the happening of said accident and injury to said minor plaintiff, all working under and bound by the Workmen's Compensation act of the State of Illinois, and the remedy, if any, of said minor plaintiff, Henry Kijowski, for said injuries is under the Workmen's Compensation act of the State of Illinois."

Kijowski claimed that he was not an employee of the appellant; that he was employed and paid by Frank Antker and that he was not bound by the provisions of the Workmen's Compensation act. Kijowski obtained a verdict and judgment which was affirmed by the Appellate Court for

the First District and the case is before us by leave granted the defendant to appeal.

The only evidence in the case is that given on behalf of plaintiff. It shows that the appellant company printed the *Daily Times,* a Chicago newspaper, and distributed its papers to sellers throughout the city by means of trucks. These were driven by its employees. Frank Antker was one of its truck drivers and about August 15, 1936, he employed Kijowski to assist him. Kijowski was to help load the papers, ride with Antker, count the papers for the various stops, pick up and return unsold papers, bind them in bundles and help load them on and off the truck. Antker paid him $3 a week and furnished him one meal a day. He had been working ten days when he was hurt in the collision. The evidence shows that appellant knew of and acquiesced in the practice and that most of its drivers hired boys to help with their papers on its trucks and paid the boys out of their own wages. There is no evidence that Antker received any additional wages to use in employing Kijowski, or that he or any of the drivers were authorized to bind the company. One witness testified that when he asked a foreman to employ a boy to help him with his papers on his truck, he was told that he could either hire a boy himself or the company would get another driver.

The only question we need consider is whether this evidence showed that, as a matter of law, the relation of master and servant existed between the Times Publishing Corporation and Kijowski.

An employee is defined by the Workmen's Compensation act (Ill. Rev. Stat. 1937, chap. 48, par. 142) as: "Every person in the service of another under any contract of hire, express or implied, oral or written, including persons whose employment is outside of the State of Illinois where the contract of hire is made within the State of Illinois and including aliens, and minors, who, for the purpose of this act shall be considered the same and have the same

power to contract, receive payments and give quittances therefor as adult employees," etc.

In determining whether a person is an employee as above defined the facts of the particular case are controlling. (*Kehrer* v. *Industrial Com.* 365 Ill. 378.) Factors which we have considered important in determining the existence of an employment relationship include (1) whether the purported employer has the right to control the manner of doing the work (*Lutheran Hospital* v. *Industrial Com.* 342 Ill. 325) (2) whether he has the power to discharge (*Meyer* v. *Industrial Com.* 347 Ill. 172) and (3) whether there is a contractual relationship between the purported employer and employee. *Indiahoma Refining Co.* v. *Industrial Com.* 311 Ill. 153.

In the principal case the minor plaintiff had contracted with Antker alone. The defendant had not expressly or impliedly promised to pay him for his work. The work was done under the supervision and control of Antker, and the company had not authorized him to employ Kijowski for it. He was responsible to Antker alone. Obviously Antker also had the right to discharge him. But the appellant claims that plaintiff was an employee merely because it knew of and acquiesced in his employment. While such knowledge and acquiescence show that plaintiff was an invitee of appellant when on its trucks and premises, this does not prove that he was its employee. The case of *Purtell* v. *Philadelphia and Reading Coal and Iron Co.* 256 Ill. 110, relied on by appellant, is a precedent only for the holding that Kijowski was an invitee and not an employee of the appellant. To the same effect see *Atkins* v. *Lackawanna Transportation Co.* 182 Ill. 237.

The appellant also relies on *Larson* v. *Independent School District,* 22 Pac. (2d) 299, where it was held that a janitor who was given living quarters and a salary for looking after school buildings was entitled to receive compensation for the death of his wife. She was assisting him

with his janitor work, fell, struck her head on a scrub-bucket and died as a result. It was expected in that case, by the school board, that the wife would help with the janitor work and it was within its knowledge that she did so. The board relied on the written contract of employment but the award was sustained. That case is distinguishable on its facts from the one before us. Here the Times Publishing Corporation was not concerned with whether Antker did or did not employ someone to help him get his papers delivered and the old ones collected and returned. It knew nothing, presumably, about the particular boy, Kijowski, had nothing to do with his selection, furnished him no living quarters and paid him nothing. It exercised no control or direction of his work.

Appellant also relies on *Paducah Box Co.* v. *Parker,* 136 S. W. (Ky.) 1012. There, two girls in a basket factory, with the consent and approval of the factory manager, employed the plaintiff to assist them and paid her out of their own wages. The plaintiff went to get a spool of wire at the request of one of the two, her apron came in contact with a revolving shaft and wrapped around it and she was badly injured. The Court of Appeals of Kentucky not only held that she was an invitee to whom the company owed a duty of reasonable care for her safety, but went on to hold that the facts established the relation of employer and employee between the manufacturing company and the injured girl.

In *Purtell* v. *Philadelphia and Reading Coal and Iron Co. supra,* and *Atkins* v. *Lackawanna Transportation Co. supra,* we did not hold that the relation of master and servant was necessary to create the duty of the companies on whose premises the plaintiffs were when injured to exercise towards them reasonable care for their safety. The duty owed depends on whether the injured party is a trespasser, a licensee or an invitee. Where the person is aiding in the work or business of the owner with his knowledge

and consent at the time of the injury, he is an invitee and entitled to reasonable care for his safety. It is not necessary to go as far as the Court of Appeals of Kentucky went in the case before it.

The appellant contends that error was committed when its instruction No. 24 was refused. That instruction would have told the jury that the appellant's knowledge and acquiescence in the contract of employment between Antker and Kijowski would make Kijowski the Times Publishing Corporation's employee. This view of the law is erroneous, and the instruction was properly refused.

For the reasons stated, the judgment of the Appellate Court for the First District is affirmed.

*Judgment affirmed.*