# FRANKLYN J. WOOTTEON ET AL. *v.* NATIONAL HATTERS, INC., ET ALS.

MALTBIE, C. J., AVERY, BROWN and JENNINGS, Js.[1]

Argued January 7—decided February 7, 1941.

---

[1] By agreement of counsel the case was argued before and decided by four judges.

*Lazarus S. Heyman* and *Louis Katz,* for the appellants (plaintiffs).

*John F. Chatfield,* for the appellees (defendants).

JENNINGS, J.   This case concerns the right of a compensation commissioner to reopen an award. After a contested hearing, the commissioner, on March 20, 1939, found that after being employed by the National Hatters, Incorporated, for seven weeks, the son of the plaintiffs was killed in its factory on August 30, 1938. The plaintiffs, as dependents, were awarded compensation.   On July 15, 1939, the National Hatters, Incorporated, and its insurer filed a motion to reopen and modify the finding and award on the ground that on November 30, 1937, the former had liquidated its assets, cancelled its outstanding capital stock and that since that date it had had no employees.   They requested that the award should be made to run against the Frank H. Lee Company and its insurer.   The plaintiffs objected.   Their real ground of objection was because they wanted to sue the Frank H. Lee Company at common law.   In a ruling filed July 15, 1939, and a supplemental ruling filed October 27, 1939, the commissioner granted the motion for the reasons stated therein and the additional reason that the decedent was employed by and received his wages from the Frank H. Lee Company.   The latter and its insurer were made liable for the compensation as well as the original defendants.   The only question on this appeal is whether the commissioner had the power to open the award under these circumstances.

The plaintiffs rely on *Hayden* v. *Wallace & Sons Mfg. Co.,* 100 Conn. 180, 123 Atl. 9.   It is unnecessary to rehearse the facts in that case.   As far as the issues of law before us are concerned, it differs from the case

at bar only in that the award was the result of a voluntary agreement instead of a contested hearing and it was distinguished by the trial court on that ground. While that fact is mentioned in the decision, the reasoning is not based thereon. Pointing out that the only ground justifying the action of the commissioner under what is now General Statutes, § 5240, would be a state of facts authorizing a court to open its judgment, it conclusively shows that, upon the facts of this case, a court would have no such power. See also *Gonirenki* v. *American Steel & Wire Co.*, 106 Conn. 1, 5, 137 Atl. 26. It does not appear that the plaintiffs were chargeable with negligence since all the facts relative to the employment were within the knowledge of the defendants and were not within the plaintiffs' knowledge. If, with this knowledge, the defendants did not get the fact as to who the employer was straight on the record, there is no reason why a court should come to their rescue. *Kearns* v. *Torrington,* 119 Conn. 522, 530, 177 Atl. 725. If the application to open the award had been made by the plaintiffs, the situation would have been different. The case at bar cannot be distinguished from the *Hayden* case and is ruled thereby.

There is error and the case is remanded with direction to sustain the appeal.

In this opinion the other judges concurred.