(No. 31882.)

Guy Petrazelli, Appellant, v. Arthur Propper, Appellee.

*Opinion filed May 24, 1951.*

Rosenbaum & Rosenbaum, and Lester E. Williams, both of Chicago, for appellant.

Ross, Bercham & Schwantes, of Chicago, for appellee.

Mr. Justice Thompson delivered the opinion of the court:

A complaint was filed in the superior court of Cook County, alleging that on June 6, 1946, the defendant, Arthur Propper, was the owner and operator of a motor truck which he was operating in front of 19 South Water Market, Chicago, and that the plaintiff, Guy Petrazelli, was invited by the defendant to sell vegetable produce from the opened tailgate of said truck; that while plaintiff was in the exercise of ordinary care and caution for his own safety, the defendant suddenly moved his truck, causing plaintiff to fall to the street pavement from the tailgate of said truck, injuring him severely.

Defendant answered, denying the allegations and setting up as a special defense that at the time of the accident the plaintiff, plaintiff's employer and the defendant were all operating under, and bound by, the terms of the Workmen's Compensation Act, and that the injuries arose out of and in the course of plaintiff's employment; that plaintiff claimed and received from his employer the benefits due from his employer under the act and therefore is barred from bringing this action against defendant. The answer further avers that whatever rights plaintiff might have had against defendant are transferred to plaintiff's employer under section 29 of the Workmen's Compensation Act.

Plaintiff replied admitting that he and his employer were operating under the act at the time of the accident, but that defendant was not, and that plaintiff has a cause of action against the defendant, and that under section 29 of the act he will reimburse his employer from any recovery obtained in the instant suit. Plaintiff further replied alleging the unconstitutionality of section 29 of the act under both the State and Federal constitutions.

On the trial the jury was waived and the cause was submitted on a stipulation of facts. The stipulation sets forth that plaintiff was the employee of R. H. Dietz & Company on the date of the accident, and that they were operating under the Workmen's Compensation Act; that the accident arose out of, and in the course of, that employment; that defendant, Propper, was operating a cartage business employing three or four employees and that he was operating as an employer under the act; that the accident occurred in connection with and in the course and scope of the defendant's business by the operation by the defendant of one of his trucks.

The court heard argument on the question presented by the facts stipulated and held that both defendant and plaintiff, as well as plaintiff's employer, were operating

under, and were bound by, the Workmen's Compensation Act; that, under section 29 of said act, plaintiff's cause of action is barred.

Plaintiff urges error in the holding below that this action is barred by section 29 of the Workmen's Compensation Act and in holding that section 29 of the act does not violate the State and Federal constitutions. The questions then presented are, (1) does section 29 of the Workmen's Compensation Act constitute a bar to plaintiff's cause of action, and, (2) is section 29 of the act invalid as violating the State or Federal constitutions?

Plaintiff contends that his cause of action is not barred by section 29 of the act. (Ill. Rev. Stat. 1949, chap. 48, par. 166.) By his stipulation he admits he was in the employ of R. H. Dietz & Company, and that his injuries arose out of and in the course of that employment. He also admits that defendant was an employer and operating under the act at the time of the accident. Plaintiff concedes that if the truck had been driven by one of defendant's employees at the time of the accident this cause of action would be barred by section 29 of the act. The narrow ground upon which plaintiff stands is that because the truck upon which the injury occurred was being driven at the time by defendant, who was an employer and not an employee, section 29 does not apply. It is stipulated that the truck at the time of the injury was being operated by defendant in the course and within the scope of his business.

Appellant argues that defendant cannot be both an employer and employee; that if the injury had occurred to him he could have sued no one; that there was no contractual relationship between defendant as an employer and defendant as an employee. To support this argument plaintiff cites *Wilhelm* v. *Industrial Com.* 399 Ill. 80. The question presented in that case was whether a husband could be the employee of his wife so as to make her liable

under the Workmen's Compensation Act for injuries sustained by the husband in the course of his wife's business. This court held the husband-wife relationship precluded the right to compensation from her under the act. It is clear this case has no application here for the reason that the plaintiff here concededly was not the employee of the defendant and the defense raised is based on the absence of that relationship between plaintiff and defendant. *Crepps* v. *Industrial Com.* 402 Ill. 606, and *Kijowski* v. *Times Publishing Corp.* 372 Ill. 311, are inapplicable for the same reasons. *City of West Frankfort* v. *Industrial Com.* 406 Ill. 452, involves the question whether a policeman was an officer or an employee of the respondent city. In each of these cases the question was whether the injured person was the employee of the employer in whose services the injury occurred. The present record presents no such question. The question presented by the record in the instant case is whether an employer who operates a business under the act is entitled to its protection in the event his own participation in his business results in injury to an employee of another employer operating under the act who has claimed its benefits as against his own employer. We do not find that question has heretofore been presented to this court.

In *Thornton* v. *Herman*, 380 Ill. 341, this court, in summarizing on the effect of section 29 of the act, said, "that the common law right of action of an employee against any other person than his employer for negligently injuring him in the course of his employment where such other person is bound by the provisions of the Workmen's Compensation Act is abolished." The purpose of the Workmen's Compensation Act has been variously held to be that the burdens of caring for the casualties of industry should be borne by industry and not by the individuals whose misfortunes arise out of industry, nor by the public.

(*Ervin* v. *Industrial Com.* 364 Ill. 56; *Hays* v. *Illinois Terminal Transportation Co.* 363 Ill. 397; *City of Taylorville* v. *Central Illinois Public Service Co.* 301 Ill. 157.) In the case last cited an employee of the city of Taylorville was injured by a broken wire lying upon the street through the negligence of the public service company. Both the city of Taylorville and the defendant public service company were operating under the act. The alleged negligence was that of the third party employer, not of any of its employees. The purport of the holding in that case is that a third party employer was within the protection of section 29 of the act for injuries sustained by another employee in a proper case, even though there was no negligent act of the third party employer's employee upon which to fasten the doctrine of *respondeat superior*.

In the instant case the sole ground on which appellant stands is that because appellee was an employer working in his own business under the act, he cannot claim the protection of the act. It is conceded that if one of appellee Propper's employees had committed the negligence charged here, the provisions of section 29 would apply. We are unable to follow this reasoning. The accident occurred in the normal scope and course of appellee's business and of appellant's employment. Appellant has claimed the right given him under the act as against his own employer and we are unable to see why the fact that Propper himself was doing what his employee might have done within the act would exclude him from its protection.

The contention that if Propper had been injured he could not have brought suit against himself apparently is beside the point and is in no way involved in this action. What one may do by an agent, he may do by himself. This was an incident of normal trade and was within the purpose of the compensation act, and therefore section 29 transferred such right of action as appellant might have

had under the common law to his employer whose recovery is expressly limited by the act to the amount paid to the appellant under its provisions.

The contention that section 29 of the Workmen's Compensation Act is unconstitutional is without merit. This section has many times been found constitutional by this court on about every conceivable ground of objection. *Friebel* v. *Chicago City Railway Co.* 280 Ill. 76; *Gones* v. *Fisher,* 286 Ill. 606; *City of Taylorville* v. *Illinois Public Service Co.* 301 Ill. 157; *Bauer* v. *Rusetos & Co.* 306 Ill. 602.

We have gone over this record carefully and are of the opinion the judgment of the trial court is correct, therefore it is affirmed.

*Judgment affirmed.*