No. C-28

CITY AND COUNTY OF DENVER, A MUNICIPAL CORPORATION; INDUSTRIAL COMMISSION OF COLORADO; DIRECTOR OF DEPARTMENT OF LABOR OF THE STATE OF COLORADO; AND STATE COMPENSATION INSURANCE FUND (DIVISION OF STATE COMPENSATION INSURANCE FUND *v.* JOHN RAYMOND DORE.

(490 P.2d 694)

Decided November 15, 1971.

ALIOUS ROCKETT, FRANCIS L. BURY, FEAY BURTON SMITH, JR., JAMES H. SNYDER, for petitioners.

BERMAN, LILLY, FRIEDRICHS & YOUNG, J. BAYARD YOUNG, for respondent.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

PETITION for writ of certiorari was granted in this case to review the decision of the Court of Appeals reversing the Industrial Commission (*Dore v. Denver,* 28 Colo. App. 324, 474 P.2d 190).

The facts which underlie the controversy are briefly these:

John Raymond Dore, respondent, a uniformed policeman employed on a full-time basis by the City and County of Denver, petitioner, received a permanent injury while attempting to arrest a bank robber. The incident occurred during Dore's off-duty employment as

a guard by the National City Bank. Following the robbery Dore pursued the robber into the public street where he was shot in an attempt to arrest the suspect. Dore worked for the bank regularly 10½ hours one day per week.

Dore filed separate claims for workmen's compensation against the city and the bank, noting on each claim that he was filing the other claim, but stating that he was not claiming full compensation from both employers. The State Compensation Fund was the insurer of both employers, and has represented them throughout this litigation. It admitted liability on behalf of the bank and denied liability on behalf of the city.

Dore appeared *pro se* and was the only witness before the Referee. Pertinent to the issues here, Dore testified that he was a police officer twenty-four hours a day and that he was working for the bank "in the capacity as a police officer for the city," that he was required to wear his uniform and carry a gun while employed by the bank.

On this meager record the Referee found, *inter alia,* that at the time of the injury Dore was performing duties for the bank and "not as a police officer" for the city. The Referee entered an award on July 7, 1969, denying recovery against the city, but allowing it against the bank.

Following the denial of his claim against the city by the Referee, Dore retained counsel who petitioned for review. In his petition Dore asked the Industrial Commission "that he be considered a dual employee" of the city and the bank. Upon review, without giving Dore an opportunity to establish the alleged "dual employment," the Commission on October 29, 1969, adopted the findings and the award entered by the Referee based upon the wholly inadequate record Dore had made in the hearing held by the Referee.

Upon appeal to the Court of Appeals, the award was reversed, the appellate court holding that the uncontroverted evidence established that Dore was acting in his capacity as a police officer at the time of his injury.

The Court of Appeals in reaching its decision relied upon *Mathurin v. City of Putnam*, 136 Conn. 361, 71 A.2d 599, a case which can be distinguished since it involved a police officer who was ordered by the city to perform special off-duty police work at high school football games. Also, we note he was paid through city channels. The city's petition to this court ensued.

As noted at the outset, we granted certiorari. As will appear from our subsequent discussion, we have determined that the issues here cannot be decided on the limited evidentiary record. Accordingly, the cause must be remanded for further proceedings before the Commission.

The Referee stated, in the evidentiary hearing, that the sole question for determination was whether Dore was employed by the bank or the city. We disagree. The question was not as limited as indicated, nor, indeed, was it such that it could be adequately dealt with on the meager record which was developed before the Referee. Specifically, the claim of dual employment was not considered by the Commission nor were there any findings as to whether there was or was not dual employment of Dore.

Although courts are generally limited to a consideration of the record made by the litigants in the trial court, administrative agencies are not always so restricted. In the case of the Commission, the general assembly in 1969 specifically mandated the courts to require the Commission to fully develop the facts bearing upon workmen's compensation claims. Where the Commission fails to meet its responsibility in this area, it is the court's duty to remand the case to the Commission so that it may fulfill its responsibility. 1969 Perm. Supp., C.R.S. 1963, 81-14-11, in pertinent part provides:

"If upon trial of such action it shall appear that all issues arising in such action have not theretofore been presented to the director or the commission in the petition filed as provided in this chapter or that the director or the com-

mission has not theretofore had an ample opportunity to hear and determine any issues raised in such action, or has for any reason, not in fact heard and determined the issues raised, the court, before proceeding to render judgment, unless the parties to such action stipulate to the contrary, shall transmit to the commission a full statement of such issue or issues not adequately considered, and shall stay further proceedings in such action until such issues are heard by the director and reviewed by the commission and returned to said court...."

██ As noted above, the petition for review which Dore filed with the Commission calls specific attention to its failure to consider the "dual employment" issue.

The philosophy of the general assembly in this area seems to be well summarized in this quotation:

"The test of the judicial process, traditionally, is not the fair disposition of the controversy; it is the fair disposition of the controversy *upon the record as made by the parties.* For (the administrative) process to be successful in a particular field, it is imperative that controversies be decided as 'rightly' as possible, independently of the formal record the parties themselves produce. (Landis, *The Administrative Process,* 38-39 (1938), quoted with approval in 2 Davis, *Administrative Law Treatise* 377-80, § 15.05 [1958].)"

The judgment of the Court of Appeals is modified and the cause remanded to the Court of Appeals with directions to remand to the Industrial Commission for further proceedings not inconsistent with the views expressed herein.

MR. JUSTICE GROVES and MR. JUSTICE ERICKSON dissenting.

MR. JUSTICE ERICKSON dissenting:

I respectfully dissent.

Dore's position as a bank guard undoubtedly came about because he was a policeman, but his compensation for serving as a bank guard came from the bank. His

duties as a bank guard were to guard the bank. While he was serving in that capacity and while guarding the bank, he was injured, and his injuries came about from his employment by the bank. The bank, not the City, was the employer.

In determining liability for injuries sustained by an employee in the course of his employment, the principal test is who had the power to control and direct the employee in the performance of his duties at the time of the injury. *Smakosz v. City of Beaver Falls;* 209 Pa.Super. 115, 224 A.2d 785 (1966); *see Stafford v. Gilmer,* 98 So.2d 522 (La.App. 1957); *Gocs v. Coale's Distributing Lumber Co.,* 142 Pa.Super. 479, 16 A.2d 720 (1940). Other matters to be considered are the selection and engagement of the employee, as well as the payment of his wages. Under all of these tests, the bank, rather than the City, was clearly the employer of the respondent at the time the respondent was injured.

MR. JUSTICE GROVES has authorized me to say that he joins me in my dissent.