[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PRE-TRIAL ISSUES
The above captioned case comes before the court on the defendant's motion for summary judgment as to the only claim stated by the plaintiff in the revised complaint he filed after the court, Martin, J., granted the defendant's motion to strike all other counts of the amended complaint.
Trial is scheduled for the week certain of March 25, 1996. The trial has been scheduled to accommodate the fact that the plaintiff is suffering from lung cancer and is expected to live only a few months.
In the revised complaint, filed on August 8, 1995, the plaintiff, Joseph Pajor, claims that he suffered injuries in a fall on February 8, 1994 on a sidewalk which he describes in his complaint as being located "along the northerly side of Prince Street, a public street within the Town [of Wallingford], which ran in a generally easterly and westerly direction." (Complaint, para. 1). The plaintiff alleges that he fell while "travelling in a westerly direction on said sidewalk at a point or place in close proximity to the driveway access to the parking lot area of the Town Hall property." (Complaint, para. 2). The plaintiff claims that the location where he fell was in a dangerous and defective condition because of accumulations of ice and snow. The sole claim of liability made by the plaintiff in his revised complaint is that the defendant breached its statutory duty pursuant to General Statutes § 13a-149 by allowing the sidewalk to be in a dangerous and defective condition. (Complaint, para. 6, 7). CT Page 2138
The plaintiff alleged that the defendant's negligent breach of its statutory duty was the sole proximate cause of his fall and injuries (Complaint, para. 11) and that he gave notice to the town as required by § 13a-149. (Complaint, para. 12).
In its motion for summary judgment, the defendant states and has filed a road survey to the effect that the location where the plaintiff fell is located outside the highway boundaries of Prince Street. The defendant claims that as a matter of law the defendant did not have a duty pursuant to § 13a-149 to keep the location in repair and is therefore not liable for any injuries suffered by the plaintiff at that location.
General Statutes § 13a-149 provides in relevant part as follows:
 Any person injured in persons or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair . . .
The defendant claims that the sidewalk that has been identified as the location of the plaintiff's fall was outside the boundary of the "road" that is, outside the surveyed streetlines, and that § 13a-149 therefore does not apply.
Standard for Summary Judgment
Summary judgment is appropriate when it is clear what the facts are, that there are not disputed issues of material fact, and that the facts entitle the movant to relief as a matter of law. Practice Book § 384; Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105 (1994). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The test is whether a party would be entitled to a directed verdict on the same facts.Connell v. Colwell, 214 Conn. 242, 246-7 (1990).
Issue Presented
The plaintiff does not contend that the streetlines are situated other than as is indicated in the survey and affidavit of engineer Angus McDonald in the materials submitted by the defendant, nor does the plaintiff claim that he fell within the streetlines shown in that survey. Instead, he contends that even if the sidewalk on which he fell was located outside the CT Page 2139 boundaries shown on the survey, the defendant is not entitled to judgment as a matter of law.
General Statutes § 13a-149 has been held to authorize a cause of action based on municipality's breach of its duty to maintain sidewalks as well as roadways. Angelillo v. Meriden,136 Conn. 553, 556 (1950). The Supreme Court reiterated this interpretation in Rodriguez v. New Haven, 183 Conn. 473, 475, n. 1 (1981). In neither of these cases was the municipality's liability conditioned on a factual finding that the sidewalk at issue was located within the streetlines. Instead of relying on metes and bounds and surveys, the court in Angelillo looked to whether the area where the plaintiff fell was one that the city was bound to keep in repair:
 When a city assumes control of public sidewalks, it must exercise reasonable care to keep them in a reasonably safe condition.
Angelillo v. Meriden, 136 Conn. 556, citing Tirendi v. Waterbury,128 Conn. 464, 467.
While the Supreme Court has on occasion used the location of streetlines as a determinant of whether a location at issue is one that the municipality has a duty to maintain, see Hornyak v.Town of Fairfield, 135 Conn. 619 (1949); Schoenfield v. City ofMeriden, 136 Conn. 366 (1949); the Supreme Court did not rule in those cases that the location of the streetlines is the sole
determinant of the duty to maintain.
The plaintiff asserts that the defendant had a duty to maintain the sidewalk at issue, at least with regard to removal of ice and snow, because it owned the land that abutted the road. Though another judge has seen fit to strike a count of the complaint invoking General Statutes § 7-163a, the plaintiff may still rely on facts that indicate that the defendant is "the party bound to keep [the sidewalk] in repair" within the meaning of § 13a-149 because it enacted an ordinance that imposed the duty to remove ice and snow on abutting landowners, including itself, where, as here, the abutting property was municipally owned.
Section 7-163a provides in relevant part as follows:
a) Any town . . . may, by ordinance, adopt the CT Page 2140 provisions of this section.
 b) Notwithstanding the provisions of section 13a-149 or any other general statute or special act, such town . . . shall not be liable to any person injured in persons or property caused by the presence of ice or snow on a public sidewalk unless such municipality is the owner or person in possession and control of land abutting such sidewalk, other than land used as a highway or street, provided such municipality shall be liable for its affirmative acts with respect to such sidewalk.
 (c)(1) The owner . . . of land abutting a public sidewalk shall have the same duty of care with respect to the presence of ice or snow on such sidewalk toward the portion of the sidewalk abutting his property as the municipality had prior to the effective date of any ordinance adopted pursuant to the provisions of this section and shall be liable to persons injured in persons or property where a breach of said duty is the proximate causes of said injury . . . .
Having alleged that the defendant enacted an ordinance in 1988 that gave it a duty to keep the particular sidewalk in repair as to conditions of ice and snow, the plaintiff may prove the town's alleged duty by reference to the ordinance and need not rely on the boundary lines of the roadway.
The plaintiff must prove that the defendant was bound to keep the particular location at issue in repair with respect to ice and snow. A showing that the plaintiff is not likely to be able to prove the existence of that duty by reliance on the boundary lines of the highway does not establish that he will not be able to do so by other means. Since the movant has not shown that it is entitled to judgment as a matter of law, the motion for summary judgment is denied.
Beverly J. Hodgson Judge of the Superior Court CT Page 2141